**REVISED June 12, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41151
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN MICHAEL SEIBERT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-47-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Steven Michael Seibert appeals his convictions for false labeling and unlawfully transporting and selling an endangered species, in violation of 16 U.S.C. §§ 3372(d)(2) and 1538(a)(1)(E) and (F).  He argues that the evidence is insufficient to support either count of conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41151

Because Seibert preserved his challenge to the sufficiency of the evidence by moving for a judgment of acquittal at the close of the Government's case and at the close of all of the evidence, the standard of review is de novo. *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). We must determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

When viewed in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established that Seibert knowingly sold an endangered species through interstate commerce and knowingly created false paperwork regarding the sale. *See id.; see also* 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii), 1538(a)(1)(E) and (F), 1539, 1540(b)(1); *United States v. Fountain*, 277 F.3d 714, 717 (5th Cir. 2001); *United States v. Ivey*, 949 F.2d 759, 766-67 (5th Cir. 1991). The trial testimony and evidence showed that Seibert had purchased an African leopard from auction; that he advertised an African leopard for sale on his website from his ranch in Oklahoma; that he negotiated the sale of the leopard to a buyer in Texas; that he physically loaded the leopard onto the ranch's truck in Oklahoma for direct delivery to Texas; that he asked to use Shane Clement's address in Bonham, Texas, to make the sale appear to be legal, then created a receipt which falsely listed Clement as the seller; that his employee drove the truck carrying the leopard from Oklahoma to the delivery point in Denton, Texas, without stopping in Bonham; and that he instructed both Clement and his employee to lie and say, if asked, that the leopard came from Clement's address in Bonham.

The thrust of Seibert's appellate argument is that the jury should have credited his testimony over the testimony of the Government's witnesses.

However, this court will not revisit that credibility determination. *United States v. Kuhrt*, 788 F.3d 403, 413 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1376 (2016).

Seibert also contends, for the first time on appeal, that trial counsel was ineffective in failing to pursue an entrapment defense and in failing to request a jury instruction on entrapment. The record is not sufficiently developed to allow us to make a fair evaluation of the claim; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.